UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CHARLES LEWIS BOBO,   6:14-cv-1184-TC

Plaintiff,

FINDINGS & RECOMMENDATION

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

COFFIN, Magistrate Judge:

Pro se plaintiff, Charles Bobo, brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's applications for disability insurance benefits and supplemental security income benefits. Plaintiff moves to proceed *in forma pauperis* (IFP). A review of plaintiff's application reveals he is unable to afford the costs of litigation and his application (#4) is therefore granted. However, the clerk shall not issue process as the case should be dismissed for failure to timely seek review.

The court should dismiss, at the earliest practical time, certain IFP actions that fail to state

Page 1 - FINDINGS & RECOMMENDATION

a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). The court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

> Plaintiff alleges as follows:
>
> Fact of case - Claims under Title XVI supplemental security income and Title II.... [T]they denied in United State Court of Appeal Ninth Circuit.
>
> Defendant Involved - Social Security Administration receive letter from appeal council action you have 60 days to file a civil action ....
>
> Conduct occurred = 6-99

Complaint (#1) at p. 3 (sic throughout).

The reference to the Ninth Circuit in the complaint alerted the court to the Ninth Circuit case of Charles L. Bobo v. Colvin, 2014 WL 1568868 (9th Cir. April 21, 2014) in which the court dismissed Charles L. Bobo's complaint challenging the Commissioner's decision to decline to reopen earlier claims as time-barred. A review of the history of that case reveals a Washington District Court order in which it determined the following facts:

> On July 6, 2010, an Administrative Law Judge (ALJ) issued a favorable decision, finding plaintiff disabled and entitled to Supplemental Security Income under Title XVI of the Social Security Act. (Dkt. 12 at 2 and Dkt. 12-1, Ex. 1.) [footnote omitted] Subsequently, the Appeals Council, on January 3, 2012, issued a notice denying plaintiff's request for review (id., Ex. 2), making the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 416.1481.
> Consistent with the applicable statute of limitations and regulations, the Notice of Appeals Council Action advised plaintiff he could commence a civil action within sixty days of the date of its decision, and that it would be presumed he received a copy of the decision within five days of the decision date unless he showed otherwise. (Dkt. 12-1, Ex. 2.) The notice also stated that, if plaintiff could

not file for court review within sixty days, he could ask the Appeals Council for an extension, providing a reason for the request. (Id.) The Appeals Council sent the request to both plaintiff and his legal representative at that time. (Id.) (See also id., Ex. 1.)

Plaintiff initiated the instant action on October 11, 2012. (Dkt. 1.) He acknowledged in his complaint that the January 3, 2012 Appeals Council notice advised he had sixty days to file a civil complaint. (Id. at 2.) The Commissioner moves for dismissal of the complaint as filed some seven months after the expiration of the statute of limitations. (Dkt. 12.)

Order Granting Motion to Dismiss (#15 in Case No. C12-1730-MAT (W.D.Wash. February 5, 2013)) at pp. 1-2.

The district court further determined in that case that the running of the statute of limitations was apparent on the face of the complaint. The court further found that

> Plaintiff acknowledges receipt of the notice advising him his "time for filing a civil action expired 60 days" after January 3, 2012. (Dkt. 14 at 2.) He appears to contend he did timely respond by filing a civil action in this Court on February 7, 2012, and that, while directing him to submit an amended complaint by February 29, 2012, the Court dismissed the action as frivolous. (Id.) He further states: "But the appeal is not frivolous they should grant chapter 12 Social Security Administration decision notice gave me fully favorable decision in 2010 mean can not work." (Id.)
> 
> A review of plaintiff's Court filings reveals a civil case appearing to match plaintiff's description of his attempt to comply with his filing deadline. On January 12, 2012, the Court received a complaint from plaintiff challenging both the January 3, 2012 notice and an earlier, July 10, 2007, notice of Appeals Council action. Bobo v. Astrue, C12-0068-JLR (Dkt. 1-1).3 On January 30, 2012, United States Magistrate Judge Brian A. Tsuchida found the complaint deficient in failing to clearly identify the decision subject to review. Id. (Dkt. 2). Judge Tsuchida also noted plaintiff may have already sought review of the January 2012 notice in an earlier case, and that it appeared plaintiff also sought a grant of benefits in relation to that earlier case. Id. (citing to Bobo v. SSA, C11-2109-RSL). He directed plaintiff to file an amended complaint, on or before February 29, 2012, identifying the decision subject to review and clarifying whether plaintiff sought review of the earlier court filing. Id. On March 2, 2012, Judge Tsuchida issued a Report and Recommendation indicating plaintiff had not submitted an amended complaint or otherwise responded to the Court's Order, and recommending dismissal without prejudice for failure to prosecute. Id. (Dkt. 4). The Court adopted the Report and Recommendation, dismissed the case, and entered judgment on April 2, 2012. Id. (Dkts. 5-6). Plaintiff's subsequent appeal of the matter was deemed frivolous and dismissed. Id. (Dkts. 7-11).

Page 3 - FINDINGS & RECOMMENDATION

> The Commissioner here demonstrates plaintiff failed to comply with the applicable statute of limitations. While plaintiff may have attempted to timely comply with the statute of limitations by filing an earlier action, he does not demonstrate that the statute of limitations does not bar the current action. Moreover, it remains that plaintiff had the opportunity to pursue his earlier, timely filed action and failed to do so. Because plaintiff did not timely file his current complaint, this action is subject to dismissal.

Id. at pp. 5-6

The court finally determined that equitable tolling did not serve to toll the statute of limitations because plaintiff's failure to timely file was based on his own neglect. Id. at p. 6. The court takes judicial notice of the district court and Ninth Circuit orders.

It appears that the plaintiff in that action is the same plaintiff before this court now. In which case, principles of res judicata and collateral estoppel preclude this action. See 20 C.F.R. 404.957(c)(1). Plaintiff has had a full and fair opportunity to litigate his claim to conclusion already and thus dismissal is appropriate. See Wolfson v. Brammer, 616 F.3d 1045, 1064 (9th Cir. 2010) (collateral estoppel); Stewart v. U.S. Bancorp, 297 F.3d 953, 956-57 (9th Cir. 2002) (res judicata).

As noted below, plaintiff's litigation history includes a time period in Washington in which he sought benefits from the Department of Social Health Services, but even assuming that plaintiff is not the same plaintiff in the above litigation, the case should still be dismissed as the face of the complaint demonstrates, as with the Washington litigation, a failure to timely seek review of his social security claim.

It is clear from the face of the complaint that plaintiff has failed to timely seek review of the denial of his claims given that the conduct is alleged to have occurred over 15 years prior to the

Page 4 - FINDINGS & RECOMMENDATION

commencement of this action.[1] See 42 U.S.C. § 405(g) (civil action to be commenced within 60 days after the mailing of notice). The 60 day limit in section 405(g) is not jurisdictional, but instead constitutes a statute of limitations. Vernon v. Heckler, 811 F.2d 1274, 1277 (9th cir. 1987). Therefore, the 60 day limit is subject to equitable tolling and the complaint should be dismissed only if assertions of the complaint would not permit the plaintiff to prove that the statute was tolled. See id. at 1278. Nonetheless, the time limit set forth in Section 405(g) must be strictly construed. Bowen v. City of New York, 476 U.S. 467, 479 (1986).

The Act provides a procedure for seeking an extension for filing. See 20 C.F.R. § 416.1482, but plaintiff does not allege he sought such extension. Nonetheless, such request is not required for tolling. Equitable tolling principles apply when the cause of action is based on undue influence or when defendant fraudulently conceals the cause of action. Bowen v. City of New York, 476 U.S. at 479; Vernon v. Heckler, 811 F.2d at 1277–78. Plaintiff's recent litigation history with this court presents a strong pattern of belated litigation of stale claims against numerous agencies and other entities in Arizona, California, and Washington. See, e.g., 6:14-cv-01067-TC (claims against Tulare and King County District Attorney arising in 1996); 14-cv-01068-TC (claims against Countrywide Home loans arising in 1999); 6:14-cv-01069-AA (claims against State of Washington Department of Social Health Services arising in 2004); 6:14-cv-01070-MC (claims against County of Fresno Dependency unit arising in 2005); 6:14-cv-01072-TC (claims against State of Arizona Department of Economic Security arising in 2008). "The limitations to final decisions and to a sixty-day filing

---

[1] The issue in the Washington case was not the 2010 decision to grant benefits, but the decision not to reopen Bobo's prior applications and whether an earlier onset should be determined. That court also noted that Bobo filed numerous other actions relating to social security benefits and/or directed against the Social Security Administration going as far back as 2007.

Page 5 - FINDINGS & RECOMMENDATION

period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." Anderson v. Astrue, 2008 WL 4506606 *3 (E.D.Cal. Oct.7, 2008).

The face of the complaint demonstrates plaintiff has failed to timely commence this proceeding. Moreover, not only does the face of the complaint fail to provide any basis for tolling, the substantial delay of necessitates a dismissal without leave to amend. Accordingly, the court should dismiss the complaint, short of service, without leave to amend.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 30 day of July, 2014.

THOMAS M. COFFIN
United States Magistrate Judge